UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____ X

| | | |
|---|---|---|
| Jacqueline Hansen | | Docket No. 11-5285 |
| | **Plaintiff** | |
| -against- | | |
| Nationwide Recovery Systems, LTD | **Defendant** | AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |
| _____ X | | Unlawful Debt Collection Practices |
| | | TRIAL BY JURY DEMANDED |

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. The Defendant debt collector violated the Plaintiff's right to privacy in an attempt to collect an alleged consumer debt.

2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3. According to 15 U.S.C. 1692:

(a)  There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b)  Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)  Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d)  Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)  It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

5. Plaintiff, JACQUELINE HANSEN, is a natural person residing in SUFFOLK County, New York.  Plaintiff is a consumer as defined by the FDCPA.

6. Defendant, Nationwide Recovery Systems, LTD is a foreign corporation authorized to do business in New York State. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

7. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

## IV.  FACTUAL ALLEGATIONS

8. Plaintiff repeats paragraphs "1" through "7" as if fully restated herein.

9.  Plaintiff incurred a consumer credit card debt ("the debt") to Capital One. The alleged debt of Plaintiff was incurred for a credit card used by Plaintiff for personal, family, or household services. No part of the debt was incurred for a business purposes.

10. Unfortunately, and for reasons beyond her control, Plaintiff was unable to repay such debt on time.

11.  At some point unknown to Plaintiff, Defendant alleges to have acquired the right to attempt to collect such debt.   Defendant has not produced, nor has Plaintiff seen any documents indicating that Defendant has the legal right to attempt to collect the alleged debt.

12. Within one year preceding the filing of this action, the Defendant telephoned the Plaintiff's boyfriend and spoke to the Plaintiff's boyfriend about the alleged debt.

13. The Plaintiff's boyfriend informed the Defendant that the Plaintiff could not be reached at his number, but the Defendant informed the Plaintiff's boyfriend that the Plaintiff owed a balance that Defendant was attempting to collect.

14. The Plaintiff never gave consent for the Defendant to speak to any other person about the alleged debt.

15. The Defendant's actions invaded the Plaintiff's right to privacy.

## V.  CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

16.  Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

17.  Defendant's actions as described herein violated 15 U.S.C Section 1692c(b).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

1. Actual damages;

2. Statutory damages;

3. Injunctive Relief as described herein;

4. Costs and reasonable attorney's fees pursuant to the FDCPA;

5. For such other and further relief as the Court may deem just and proper.

                                      Respectfully submitted,

                                      The Law Office of Joseph Mauro, LLC
                                      Joseph Mauro (JM 8295)
                                      306 McCall Ave.
                                      West Islip, NY 11795

### DEMAND FOR JURY TRIAL

Please take notice that plaintiffs demand trial by jury in this action.

                                      _____
                                      Attorney for Plaintiff